IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| JOHN T. INABINET, | ) Civil Action No. 3:10-89-JFA-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )**ORDER AND RECOMMENDATION** |
| | ) |
| TEX-CAP ELECTRIC, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff filed this action, pro se, on January 14, 2010. On January 22, 2010, the undersigned granted Plaintiff's motion to proceed in forma pauperis and directed the United States Marshals Service to serve the summons and complaint upon Defendant. Doc. 6. It appears that Joe Fox, the registered agent for Defendant, was served (by certified mail, return receipt requested) on February 16, 2010. The Domestic Return Receipt, however, notes that the delivery address was different from the one to which the article was addressed. See Doc. 9.[1]

Plaintiff filed a motion for default judgment on March 22, 2010. As there was no indication that the motion was ever served on Defendant, the undersigned directed the Clerk of Court to send copies of Plaintiff's motion for default judgment to Defendant on November 1, 2010. Mail to Defendant's registered agent of record was returned as undeliverable. The Clerk of Court, on

---

[1] Plaintiff stated that he wanted the complaint and summons served on Defendant at P.O. Box 202080, Austin, TX 78720. On March 18, 2010, pursuant to Plaintiff's request, the undersigned directed the Clerk of Court to issue the summons submitted by Plaintiff for Defendant at the above address. Plaintiff was informed that it was his responsibility (as the Marshals Service will not attempt service at a post office box) to serve the summons, complaint, and answers to Rule 26.01 interrogatories. There is no indication that Plaintiff ever served Defendant at the above post office box address.

December 9, 2010, was directed to send a copy of Plaintiff's motion for default judgment to an additional address (address listed on the Domestic Return Receipt discussed above - see Doc. 9).

On January 7, 2011, Defendant filed a motion for enlargement of time to answer, an answer, and a memorandum opposing entry of default and default judgment. Plaintiff has not filed a response to the motion for enlargement of time or a reply to Defendant's opposition to Plaintiff's motion for default.

## MOTION FOR EXTENSION OF TIME TO FILE ANSWER

Defendant argues that its motion to extend time should be granted because service was not proper and even if it was there is understandable and excusable delay of its ability to file an answer in this matter. Specifically, Defendant argues that its motion should be granted because it had no actual knowledge of Plaintiff's Complaint until December 2010, at which time it immediately forwarded the Complaint to its insurance carrier; (2) Defendant's Counsel was not retained until January 7, 2011 (the date on which the answer was filed); and (3) there exist many irregularities and inconsistencies with the alleged service of the Summons and Complaint.

Rule 6 governs extensions of time in general. If the motion for an extension is filed before the expiration of the time period for which an extension is sought, the party need only show cause. Fed. R. Civ. P. 6(b)(1). If a party should wait until after the expiration of time, the party must show excusable neglect. Fed. R. Civ. P. 6(b)(2). To determine whether a delay in filing is excusable, courts must consider "all relevant circumstances surrounding the party's omission." Factors relevant to this inquiry include:

> the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."

Tucker v. Chrysler Credit Corp., 149 F.3d 1170 (4th Cir. 1998)(unpublished), citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993).

Here, Defendant has shown cause for an extension of time. To the extent that Defendant filed its motion after the expiration of the time to answer, Defendant has shown excusable neglect. Defendant provides that it was formed as a wholly-owned subsidiary of the McCarty Corporation ("McCarty") to perform a single project in South Carolina from 2006 to 2009; both Defendant and McCarty are based in Texas; Joe Fox ("Fox") was designated as registered agent, but left Defendant's employ in May 2009 and is believed to have moved back to Texas; Defendant inadvertently did not designate a substitute for Fox as registered agent; Defendant has not conducted any operations in South Carolina since September 2009; Fox never forwarded any summons, complaint, and other notice of this action to Defendant; and Fox was not an employee or otherwise affiliated with Defendant at the time he signed the certified mail receipt. See Steve Berres Aff. (Doc. 26) and Marie Dickey Aff. (Doc. 25). Plaintiff, who did not respond to the motion for an extension of time, has not shown any prejudice. Defendant appears to have acted in good faith and to have promptly filed an answer after it learned of the lawsuit. Plaintiff's motion for an extension of time to answer is, therefore, granted.

## MOTION FOR DEFAULT

In his motion, Plaintiff states that he "would like to file or enter a default judgment against Tex-Cap Electric INC the Defendant under FRCP Rule 55."[2] Defendant argues that default should

---

[2]Rule 55 provides, in part:
(a) **Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's
(continued...)

3

not be entered because it is entitled to an enlargement of time in which to answer. The company argues that, even if default has occurred, good cause exists to set it aside and allow the case to go forward on the merits.

Here, default has not been entered. Even if Plaintiff could show that Defendants were in default, the clear policy of the Federal Rules of Civil Procedure is to discourage judgment by default and to encourage disposition of claims on their merits. See Reizakis v. Loy, 490 F.2d 1132 (4th Cir. 1974) and Tolson v. Hodge, 411 F.2d 123 (4th Cir. 1969).

Entry of default should not be made as Plaintiff has not shown that Defendant has failed to plead or otherwise defend. As discussed above, Defendant has now filed an answer. The principles for setting aside an entry of default also support a finding that entry of default should not be made. The Federal Rules provide that the court may set aside an entry of default "for good cause show." Fed. R. Civ. P. 55(c). The primary factors relied on by the court when considering a motion to set aside default under Rule 55(c) are prejudice to a non-moving party and whether a meritorious defense is presented. Central Operating Co. v. Utility Workers of Am., AFL-CIO, 491 F.2d 245 (4th Cir. 1974). A meritorious defense is presented where the moving party makes a presentation or proffer

---

[2](...continued)
    default.
    (b) **Entering a Default Judgment.**
        (1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
        (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment....
Rule 55, Fed. R. Civ. P.

of evidence which, if believed, would permit the court to find for the defaulting party. United States v. Moradi, 673 F.2d 725 (4th Cir. 1982). The court may also consider whether or not the moving party acted promptly, Consolidated Masonry & Fireproof, Inc. v. Wagman Constr. Co., 383 F.2d 249 (4th Cir. 1967), and whether or not the moving party has been disadvantaged by the error or neglect of his attorney. United States v. Moradi, 673 F.2d at 728.

Here, Plaintiff fails to show any prejudice from the alleged default. Defendant appears to have acted promptly when it learned of claims against it and to have presented a meritorious defense. It is, therefore, recommended that Plaintiff's motion to enter a default judgment be denied.

## CONCLUSION

Based on the foregoing, Defendant's motion to extend time to file an answer until January 7, 2011 (Doc. 20) is **granted**. It is recommended that Plaintiff's motion to enter default judgment (Doc. 13) be **denied**.

Joseph R. McCrorey
United States Magistrate Judge

January 27, 2011
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).