UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| John T. Inabinet, | ) | C/A No. 3:10-89-JFA-JRM |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| Tex-Cap Electric, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The *pro se* plaintiff, John T. Inabinet, brings this action alleging discrimination and retaliation by his former employer, defendant Tex-Cap Electric. The plaintiff filed a motion for default judgment on March 22, 2010. The defendant has filed a response in opposition to the motion for default as well as a motion to extend time to file its answer contending that service upon it was not proper. The plaintiff has not replied to either of defendant's filings.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation and opines that the motion for default should be denied. The Magistrate Judge has also properly granted the defendant's motion to extend time to file an answer and the defendant has filed an answer. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on January 27, 2011. The plaintiff filed

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

objections to the Report and this matter is ripe for review.

The complaint in this action was filed on January 14, 2010. The record reveals that there have been various issues with the service on the defendant of the summons and complaint which are more fully set out in the Magistrate's Report. As a result, the defendant contends that it first received documents relating to this action in November 2010. The defendant was finally able to obtain a copy of the summons and complaint on December 10, 2010, after which time it immediately notified its insurance carrier of the suit.

As the Magistrate Judge correctly notes in his Report, the clear policy of the Federal Rules of Civil Procedure is to discourage judgment by default and to encourage disposition of claims on the merits. *See Reizakis v. Loy*, 490 F.2d 1132 (4th Cir. 1974). The Magistrate Judge suggests that the defendant has not and should not be placed in default because the plaintiff has failed to show any prejudice from the alleged default; the defendant acted promptly when it learned of the claims against it; and the defendant has presented a meritorious defense to the default. This court agrees.

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is incorporated herein by reference.

Accordingly, the plaintiff's motion for entry of default judgment is denied.

IT IS SO ORDERED.

March 3, 2011                                      Joseph F. Anderson, Jr.
Columbia, South Carolina                           United States District Judge

2