IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| JOHN T. INABINET, | ) Civil Action No. 3:10-89-JFA-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )**REPORT AND RECOMMENDATION** |
| | ) |
| TEX-CAP ELECTRIC, INC., | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

The pro se Plaintiff filed this action on January 14, 2010. Plaintiff alleges claims concerning his former employment with Defendant.[1] A hearing was held before the undersigned on May 5, 2011 concerning discovery and other issues. On July 13, 2011, Defendant filed a motion to dismiss and for monetary sanctions. Plaintiff, because he is proceeding pro se, was advised on July 15, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendant's motion could result in the dismissal of his complaint. He did not file a response and the undersigned issued an order on August 26, 2011, allowing Plaintiff an additional fifteen days to respond to Defendant's motion to dismiss and for sanctions. Plaintiff filed a response on September 8, 2011, and Defendant filed a reply on September 16, 2011.

---

[1] Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(g), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the court.

**DISCUSSION**

Defendant argues that its motion should be granted, pursuant to Federal Rules of Civil Procedure 37 and 41, because Plaintiff failed to fully respond to its discovery requests and failed to appear at his deposition despite oral and written warnings of the consequences of his failure to do so. Plaintiff, in his response, argues that he would like to continue his case, states he is unable to afford an attorney at this time, asserts that it has been difficult to conduct research for his case, and states that he thought Defendant would offer him a settlement because he has a witness and has provided a statement.[2]

Pursuant to Rule 37, the court may impose sanctions, including dismissal of the action, for the failure to obey a discovery order. See Fed. R. Civ. P. 37(b)(2).[3] Prior to imposing the sanction

---

[2] Plaintiff said at the May 2011 hearing that he gave Defendant a witness statement. Defendant's Motion to Dismiss and for Sanctions, Ex. E (Hearing Transcript) at 26. This statement is not a part of the court record.

[3] This Rule provides, in part:
**(b) Failure to Comply with a Court Order.**
  (1) ***Sanctions in the District Where the Deposition Is Taken.*** If the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court.
  (2) ***Sanctions in the District Where the Action Is Pending.***
    (A) *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
      (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
      (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
      (iii) striking pleadings in whole or in part;
      (iv) staying further proceedings until the order is obeyed;

(continued...)

of dismissal, the district court must consider four factors: (1) whether the noncomplying party acted in bad faith; (2) the degree of prejudice suffered by the other party or parties as a result of the failure to comply; (3) the deterrence value of dismissal as a sanction for noncompliance; and (4) the efficacy of a less drastic sanction. Mutual Fed. Sav. & Loan Ass'n v. Richards & Assocs., 872 F.2d 88, 92 (4th Cir. 1989). The Fourth Circuit has emphasized the importance of warning the offending party of what may follow prior to dismissing the action for failure to comply with discovery obligations. See, e.g., Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40 (4th Cir. 1995); Choice Hotels Int'l, Inc. v. Goodwin & Boone, 11 F.3d 469, 473 (4th Cir. 1993)(court must give the noncomplying party a "explicit and clear" warning of the consequences of failing to satisfy the court's conditions and orders); Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987)(stating that warning was a "salient fact" that distinguished cases in which default judgment was an appropriate sanction for discovery abuse under Rule 37).

---

[3](...continued)
>   (v) dismissing the action or proceeding in whole or in part;
>   (vi) rendering a default judgment against the disobedient party; or
>   (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.
>
> *****
>
> (C) *Payment of Expenses.* Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b).

3

A complaint may be dismissed pursuant to Rule 41(b)[4] of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990); Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1)    the degree of plaintiff's responsibility in failing to respond;

(2)    the amount of prejudice to the defendant;

(3)    the history of the plaintiff in proceeding in a dilatory manner; and

(4)    the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978). In Ballard, the Fourth Circuit found that the Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from the plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when the plaintiff did not comply despite warning. Ballard v. Carlson, 882 F.2d at 95.

It is recommended that this action be dismissed pursuant to Rules 37 and 41 for Plaintiff's failure to comply with an order of this Court and for Plaintiff's failure to prosecute. Dismissal is proper under Rule 37 because Plaintiff's actions indicate bad faith, Defendants have shown that they have suffered prejudice as a result of Plaintiff's failure to comply, dismissal provides significant deterrence as a sanction for noncompliance, and the efficacy of a less drastic sanction is unlikely.

---

[4]This Rule provides, in part:
If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) .... operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Dismissal is proper under Rule 41 because Plaintiff is responsible for his actions, Defendants have shown that they have been prejudiced by Plaintiff's actions and inactions, Plaintiff has a history of proceeding in a dilatory manner, and sanctions less drastic than dismissal are not effectively available.       Specifically, as to the factors discussed above,  Plaintiff is proceeding pro se, so he is entirely responsible for his actions.  It is solely through Plaintiff's neglect, and not that of an attorney, that he has not fully responded to Defendant's discovery requests and that he failed to appear for his deposition.  Plaintiff appears to have acted in bad faith as he has ignored a Court order, failed to show for his deposition, and has provided no reasonable basis for failing to do so. Defendant has been prejudiced because Plaintiff failed to cooperate in discovery including failing to provide full responses to written discovery despite an order from the Court to do so, and because Plaintiff failed to appear at his noticed deposition.  Additionally, Defendant provides that it has been harmed because it has expended significant time, money, and resources in preparing for, traveling to, and attending Plaintiff's deposition at which Plaintiff failed to appear.  No other reasonable sanctions are available.  Plaintiff has failed to participate in the prosecution of his case.  At the May 5, 2011 hearing, the undersigned specifically informed Plaintiff of his duties as a pro se litigant, the importance of the adherence to the Court's orders, and the need for Plaintiff to attend his deposition and answer questions under oath. See Defendant's Ex. E at 2, 7-8, 25.  Plaintiff was also informed that if he did not respond to the discovery, he would be subject to sanctions which could be monetary sanctions or could be the dismissal of his complaint. See id. at 27.  In the undersigned's May 6, 2011 written order, Defendant's motion to compel was granted and Plaintiff was ordered to completely respond to Defendant's discovery requests on or before June 6, 2011.  He was warned that failure to comply with the order or other orders of the Court could result in sanctions, up to and including

5

dismissal of this action. It was noted in the order that the parties agreed that Plaintiff's deposition would be taken during the week of June 13, 2011, or the week of June 20, 2011.

It is also recommended that Defendant's motion for sanctions in the amount of $20,135.37 ($1,092.19 in travel expenses incurred by Marie Dickey ("Dickey"), Corporate Secretary, Treasurer, and EEO for Defendant; $959.18 in travel expenses for Danielle Alexis Clarkson ("Clarkson"), Senior Associate at the Law Firm of Fulbright & Jaworski L.L.P., counsel for Defendant; and $18,084.00 in attorneys' fees) be granted. At the May 5, 2011 hearing, the undersigned specifically asked Plaintiff to provide dates in the latter part of June 2011 when he would be available for a deposition. Plaintiff replied "[w]hatever week it is scheduled for would be fine with me." Defendant's Ex. E at 24. Defendant stated that either the week of June 13th or June 20th would be suitable. When counsel for Defendant asked Plaintiff if he was available on dates during the week of June 13th or June 20th, Plaintiff replied "[t]hat would be fine." Id. at 25. Defendant sent notice of the June 23, 2011 deposition to Plaintiff at two addresses (a post office box address provided by Plaintiff in the Complaint, as well as an address supplied by Plaintiff at the May 2011 hearing). See Defendant's Ex. B (Affidavit of Carla Cerchione, secretary/legal assistant at the Law Firm of Womble Carlyle Sandridge & Rice, PLLC). Plaintiff failed to appear at his deposition and has not provided any reasonable explanation for failing to do so. He has not shown that his failure to provide discovery responses and/or that his failure to attend his scheduled deposition was substantially justified or that other circumstances make an award of expenses unjust. Defendant has submitted affidavits from Dickey and Clarkson detailing the expenses incurred for travel to Columbia, South Carolina from Dallas, Texas for the deposition, as well as an itemized list of attorney hours billed

(41.1 hours at $440 per hour) in preparation for the deposition, travel, and in preparing the motion to dismiss and for sanctions.

## CONCLUSION

Based on the foregoing, it is recommended that Defendant's motion to dismiss and for sanctions (Doc. 59) be **granted**.

Joseph R. McCrorey
United States Magistrate Judge

December 9, 2011
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).